IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § § § | No. 1:20-cr-75-HSO-JCG<br>No. 1:22-cv-147-HSO |
| **BETTY KATHERINE SMITH** | § | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BETTY KATHERINE SMITH'S MOTION [81] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, FILED PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [81] of Defendant Betty Katherine Smith ("Defendant" or "Smith") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the Motion [81], related pleadings, the record, and relevant legal authority, the Court is of the opinion that Defendant Betty Katherine Smith's Motion [81] should be denied without an evidentiary hearing.

### I.  BACKGROUND

A.  Smith's guilty plea

On July 28, 2020, a grand jury returned a five-count indictment against Smith and a co-defendant in the above-referenced criminal case, 1:20-cr-75-HSO-JCG. *See* Red. Indictment [27]. Specifically, Smith was charged in Count 1 with conspiracy to possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846; in Counts 2 and 3 with

possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1), and 18 U.S.C. § 2; in Count 4 with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(2); and in Count 5 with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*

On February 12, 2021, Smith entered pleas of guilty as to Counts 1 and 4 of the indictment, pursuant to a written Plea Agreement [65] and Plea Supplement [66] with the Government. *See generally* Plea Hearing Tr. [86]. The Plea Supplement [66] provided in relevant part that, in exchange for Smith's plea to Counts 1 and 4, the Government would move to dismiss the remaining Counts 2, 3, and 5. Plea Supp. [66] at 1 (filed under seal).

In signing the Plea Agreement, Smith plainly affirmed her understanding of her possible sentencing exposure:

> Defendant understands that the penalty for the offense charged in Count One of the indictment . . . is not less than ten years or more than life in prison; a term of supervised release of at least five years; and a fine of up to $10,000,000. Defendant understands that the penalty for the offense charged in Count Four . . . is not more than ten years in prison; a term of supervised release of not more than three years; and a fine of up to $250,000.

Plea Agreement [65] at 2. Smith also acknowledged that she understood that the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") were

> advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's

>calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.*

Smith also confirmed her understanding of these issues to the Court verbally, under oath, at the change-of-plea hearing. Specifically, the Court informed Smith that the maximum penalty to which she would be exposed by pleading guilty to Count 1 included a term of life imprisonment, with a minimum term of ten years, and that the maximum penalty for Count 4 included a term of ten years in prison. Plea Hearing Tr. [86] at 18-19. The Court then asked Smith, "[d]o you understand that those are the maximum and mandatory minimum penalties to which you would be exposed by pleading guilty to these two charges?" *Id.* at 19. Under oath, Smith replied "[y]es sir, Your Honor." *Id.* The Court also confirmed Smith's understanding that the sentence ultimately imposed by the Court may be different from any estimate given by her attorney, and that the Court could, in its discretion, sentence her up to the maximum prison sentence provide by statute. *Id.* at 23. Based on these sworn statements and the plea colloquy as a whole, the Court accepted Smith's pleas, and found that she had knowingly and voluntarily pleaded guilty to Counts 1 and 4. *Id.* at 38.

B. <u>Smith's sentencing</u>

Prior to Smith's sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Smith's

total offense level under the Guidelines as 31, *see* PSR [70] at 24 (filed under seal), and her Guidelines imprisonment range as 121 to 151 months, *see id.* at 32.

On May 20, 2021, the Court sentenced Smith to 100 months in prison, five years supervised release, a $7,500 fine, and a $100 special assessment as to Count 1; and 100 months in prison, three years supervised release, and a $100 special assessment as to Count 4, all to run concurrently to the sentence in Count 1. *See* Minute Entry, entered May 20, 2021. Counts 2, 3, and 5 were dismissed. *Id.* On June 1, 2021, the Court re-sentenced Smith as to Count 1 only, recognizing that it had erred in imposing a sentence below the statutory mandatory minimum of ten years of imprisonment. *See* Minute Entry, entered June 1, 2021; Not. [72] of Intent to Resentence; *see also* U.S.C. § 841(b)(1)(A). Smith was re-sentenced to 120 months in prison as to Count 1, to run concurrently with the 100-month sentence in Count 4, with all other aspects of the sentence imposed on May 20, 2021, remaining the same. *See* J. [75].

C. <u>Smith's § 2255 Motion</u>

On June 13, 2021, Smith timely filed the present Motion [81] to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, arguing that she had received ineffective assistance of counsel. Mot. [81]. Smith alleges four separate grounds in support of her claim: (1) that counsel fell below an objective standard of reasonableness and efficiency when he failed to challenge the § 922(g)(3) possession charge in Count 4, *see* Mot. [81] at 4; (2) that counsel had Smith accept the Plea Agreement, misled her to understand that she would be sentenced to no more than

4

60 months in prison if she accepted the Plea Agreement, and failed to review case documents, *see* Mot. [81] at 5; (3) that there existed a conflict of interest and counsel failed to provide adequate legal assistance because he was making provocative advances towards Smith's female friend, *see* Mot. [81] at 6; and (4) that counsel did not explain any proceedings or documents to Smith and tried to persuade her to provide "information" and became agitated when she did not, *see* Mot. [81] at 8.

On June 14, 2022, the Court ordered Smith's former defense counsel, Michael Hester, to submit an affidavit responding to Smith's claims within thirty days. Order [82]. Hester failed to respond by the deadline, and the Court issued a second Order. Order [83]. Once again, Hester failed to respond. On August 31, 2022, the Government filed its Response [87] to Smith's claims. Relying on the contents of the Plea Agreement and the proceedings at Smith's change-of-plea hearing, the Government argues that Smith's counsel was not constitutionally ineffective, because Smith acknowledged to the Court that she had read and understood the Plea Agreement, that she discussed the Plea Agreement with counsel, and that she understood her sentencing exposure. Resp. [87] at 5.

Based on a careful review of the record and relevant legal authority, the Court finds that Smith's Motion [81] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

II.   DISCUSSION

A.   Relevant legal standards

There are four narrow grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Upon a finding that any one of these four grounds for relief are present, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002); *United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020). Failure to establish either prong of the *Strickland* test defeats the claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To establish deficient performance, a defendant must overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690; *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Counsel's performance is to be accorded "a heavy measure of deference." *Rivas-Lopez,* 678 F.3d at 357 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011). The Supreme Court has defined reasonable probability as "probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 170 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a defendant must show that there is a reasonable probability that she "would not have pleaded guilty and would have insisted on going to trial." *Valdez*, 973 F.3d at 402-03 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

B.  Smith fails to demonstrate her counsel's deficient performance

Smith cannot establish that her counsel's representation fell below an objective standard of reasonableness. Her own sworn statements are entitled to a strong presumption of truthfulness, *see McClinton v. United States*, No. 2:10CR160-SA-JMV, 2016 WL 7191706, at *4 (N.D. Miss. Dec. 12, 2016), and the Court affords "great weight to [her] statements at the plea colloquy," *United States v. Cothran*,

7

302 F.3d 279, 283-84 (5th Cir. 2002). Smith's allegations in the present Motion [81] that her counsel did not explain the Plea Agreement to her, Mot. [81] at 3; misled her into believing that she would be sentenced only up to 60 months in prison if she accepted the Plea Agreement, *id.* at 5; failed to review documents pertaining to this case, *id.*; provided inadequate legal assistance, *id.* at 6; and failed to explain any proceedings or documents to her, *id.* at 8, are plainly belied by her own statements – made under oath – during her change-of-plea hearing. Plea Hearing Tr. [86] at 9-11, 18-23.

Specifically, when the Court asked Smith if her attorney reviewed and discussed with her the evidence that the Government intended to introduce at trial to support the charges against her, Smith answered "[y]es, Your Honor." *Id.* at 9. When the Court inquired whether she was satisfied with the amount of time she had spent with her attorney, Smith answered, "[y]es, sir, Your Honor." *Id.* When the Court asked if she was satisfied with the amount of time her attorney had spent working on her case, Smith again answered, "[y]es sir, Your Honor." *Id.* at 10. When the Court asked if she was "fully satisfied with the counsel, representation, and advice given" by her attorney, Smith responded, "I am." *Id.* And when the Court asked Smith if she had any "complaints or objections whatsoever regarding the services provided" by her attorney, and informed her that "now is the time to make those objections," Smith stated, "[n]one at all, no." *Id.* Smith similarly confirmed that she was able to ask her attorney any and all questions she may have had about

8

the Plea Agreement and Plea Supplement, and that she understood his answers. *Id.* at 10-11.

In light of the strong presumption of objective reasonableness of counsel's representation, *see Strickland*, 466 U.S. at 690, and the heavy weight of Smith's sworn statements, *see Cothran*, 302 F.3d at 283-84, the Court finds that Smith has failed to the demonstrate the first prong of the *Strickland* test. This conclusion is notwithstanding the lack of an affidavit by Smith's former defense counsel. *See Ogle v. United States*, No. CIVA106-CV-1144DCB, 2010 WL 1233421, at *13 (S.D. Miss. Mar. 25, 2010) (denying the defendant's request for judgment in favor of ineffective assistance of counsel claims because of his trial counsel's failure to file an affidavit addressing the defendant's § 2255 allegations, because "the affidavit was not needed, in light of the findings made in this opinion and order").

C.  Smith fails to demonstrate prejudice

Even if the performance of Smith's former defense counsel was deficient, she cannot show prejudice. To demonstrate the second prong of the *Strickland* test, Smith would need to show that had counsel's performance not been deficient in the ways she claims, she would not have pleaded guilty, and she would have proceeded to trial. *See Valdez*, 973 F.3d at 402-03.

As to Ground 1, Smith argues that counsel fell below an objective standard of reasonableness and efficiency when he failed to challenge the charge in Count 4, that she violated 18 U.S.C. § 922(g)(3) by being an unlawful user of a controlled substance in possession of a firearm. S*ee* Mot. [81] at 4. However, any objection

9

would have been futile, given the overwhelming facts in support of Smith's guilt on this charge which were read into the record by the Government during the change-of-plea hearing, and which Smith swore under oath were true. *See Brown v. United States*, No. 3:15-CR-28(DCB), 2018 WL 1371096, at *5 (S.D. Miss. Mar. 16, 2018) (rejecting as part of the defendant's ineffective assistance of counsel argument that counsel failed to object to the sufficiency of the evidence where the Government asserted that the defendant's plea colloquy "reflected numerous actions on the part of [the defendant] to launder his drug proceeds" as alleged, and recognizing that "[t]he uncontroverted evidence of [the defendant's guilt] . . . was overwhelming"). The Court informed Smith:

> I'm going to ask the attorney for the government to state into the record those facts that the government would be prepared to prove if the case went to trial. I want you to listen very carefully to what she has to say because when she is finished, I'm going to ask you if you understand and agree with everything she has to say.

Plea Hearing Tr. [86] at 34. Counsel for the Government then proceeded to state the following facts:

> On July 20, 2020, in Hancock County, Mississippi, Betty Smith was pulled over and arrested on the arrest warrant related to the June 16, 2020, traffic stop. Once she was arrested, Ms. Smith admitted to having 47 grams of methamphetamine packaged for distribution in the vehicle at that time, as well as a shotgun. The shotgun was described as a Remington Model 870, 12-gauge shotgun. These items were collected by law enforcement and turned in as evidence. The ATF conduct a nexus report on the firearm that was in Ms. Smith's possession, and it was determined that the firearm was not manufactured in Mississippi and, therefore, had moved in and affecting interstate commerce . . . [Smith admitted during an] interview that she was a long time user of methamphetamine, as well as a trafficker of methamphetamine. More specifically, she admitted to daily use of methamphetamine since the age of 15.

10

*Id.* at 35. Thereafter, the Court had the following exchange with Smith:

> **THE COURT:** Okay. Ms. Smith, did you hear everything the attorney for the government had to say?
> **THE DEFENDANT:** I did, Your Honor.
> **THE COURT:** Did you understand everything she had to say?
> **THE DEFENDANT:** Yes, Your Honor, I did.
> **THE COURT:** Do you agree with those facts?
> **THE DEFENDANT:** Yes, Your Honor.
> **THE COURT:** Is that in fact what happened in this case?
> **THE DEFENDANT:** Yes, Your Honor.
> **THE COURT:** All right. In a moment, Ms. Smith, I'm going to ask you for your pleas to the charges in Counts 1 and 4 of the indictment, whether they are guilty or not guilty. Before I do that, is there anything you have not understood this afternoon or anything you would like to discuss further with your attorney?
> **THE DEFENDANT:** No, sir, I'm good.
> **THE COURT:** All right. Ms. Smith, how do you now plead to the charge contained in Count 1 of the indictment, guilty or not guilty?
> **THE DEFENDANT:** Guilty, Your Honor.
> **THE COURT:** How do you now plead to the charge contained in Count 4 of the indictment, guilty or not guilty?
> **THE DEFENDANT:** Guilty, Your Honor.

*Id.* at 36-37. Taking Smith's sworn admissions as to the factual basis of the § 922(g)(3) charge to be true, *see McClinton*, 2016 WL 7191706, at *4, she cannot show that her attorney's failure to object would have changed the outcome.

With respect to Grounds 2 and 4, Smith asserts that counsel misled her into believing that if she accepted the Plea Agreement, she would be sentenced to no more than 60 months in prison, and that counsel did not explain any of the change-of-plea proceedings or documents to her. Mot. [81] at 5, 8. Even if these allegations were true, Smith cannot demonstrate prejudice because she was clearly advised as to these issues by the Court. *See generally* Plea Hearing Tr. [86]. "When faced with similar situations where a defendant's assertion is contradicted by the record, the

11

Fifth Circuit has repeatedly held § 2255 relief is unwarranted." *Parker v. United States*, No. 3:19-CR-11-2, 2022 WL 1051291, at *9 (N.D. Miss. Apr. 7, 2022) (citing, among others, *Valdez,* 973 F.3d at 405-06 (defendant could not establish prejudice under *Strickland* based on counsel's inaccurate estimate of guidelines sentence where he "was clearly advised . . . of the maximum sentence he could receive"), and *United States v. Guzman,* No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (movant was not entitled to relief because he did not establish prejudice prong under *Strickland* since he testified under oath that he understood the ramifications of his plea, failed to object to the guidelines range in the PSR, and, after being informed of the range he was facing, still admitted guilt and apologized)). The Court's statements to Smith during the change-of-plea hearing and her affirmations under oath as to her understanding of those statements are "contemporaneous evidence that negate [her] post hoc assertions," and she cannot show prejudice. *See Parker,* 2022 WL 1051291, at *9-10 (citing *United States v. McClinton*, 782 F. App'x 312, 315 (5th Cir. 2019)) (internal quotation marks omitted).

Finally, as to Ground 3, Smith argues that there existed a conflict of interest due to counsel's provocative advances towards her female friend, thus rendering assistance of counsel ineffective. *See* Mot. [81] at 6. However, at no point does Smith explain how any such behavior by counsel might have impacted her decision to plead guilty, or that but for his alleged provocative advances towards her friend, Smith would have proceeded to trial. This Court found Smith to be "fully competent and capable of informing an informed plea," and accepted Smith's guilty pleas as to

12

Counts 1 and 4 as "knowing and voluntary." Plea Hearing Tr. [86] at 38. The allegations in Ground 3 of Smith's Motion [81] do not upset these conclusions, and are insufficient to demonstrate prejudice. *See United States v. Tingle*, No. 4:10-CR-00009-DCB, 2012 WL 5930615, at *2 (S.D. Miss. Nov. 27, 2012) (rejecting the defendant's argument that she entered into the plea agreement "unknowingly and involuntarily as a result of her counsel's romantic overtures [towards her]" where the Court was unable to find evidence (1) contrary to its findings of fact in its bench recitation as to the informed and voluntary nature of her plea, or (2) demonstrating ineffective assistance of counsel notwithstanding the "personal nature" of counsel's communications with the defendant).

### III.  CONCLUSION

Because the Motion [81] and record conclusively show that Defendant Betty Katherine Smith is entitled to no relief, the Court finds that her Motion [81] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (a defendant is only entitled to an evidentiary hearing on a § 2255 motion if [she] has presented "independent indicia of the likely merit of [her] allegations" (internal citations omitted)). Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Betty Katherine Smith's Motion [81] to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody, filed pursuant to 28 U.S.C. § 2255, is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 11th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE